## Case No. 14,268.
### TURRELL v. SPAETH et al.
[2 Ban. & A. 315; [1] 9 O. G. 1163.]

Circuit Court, D. New Jersey. May 15, 1876.

PRACTICE IN EQUITY—ELECTION—PATENTS—BILL QUIA TIMET—SUIT FOR ACCOUNT.

1. A motion, that the complainant in two suits against the same defendants, for the infringement of the same letters patent, be compelled to elect which he will prosecute, and that the other suit be discontinued, denied.

2. Whether a patentee, learning that unauthorized parties are engaged in manufacturing some of the parts or elements of the patented combination, and are entering into contracts for the subsequent delivery of the completed article, is entitled to file his bill, in the nature of a bill quia timet, for an injunction to restrain such parties against apprehended violation of his patent rights; and afterward, when he ascertains that the infringement has become complete, by the use of all the constituents of the combination, commence a new suit for an account and damages in consequence of the said infringement, quære.

In equity.

Charles F. Blake, for complainant.
J. Van Santvoord, for defendants.

NIXON, District Judge. A bill of complaint was filed in this district, July 3, 1875, by George B. Turrell against Edward Spaeth and Charles Guelicker, alleging the infringement of reissued letters patent No. 6,369, from the date of said reissue, to wit: April

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

6, 1875. An answer was duly put in, and the complainant closed his prima facie case in taking the testimony. [Case No. 14,267.] A second suit in equity was then commenced, November 22, 1875, in the same court, between the same parties, for an alleged infringement of the same reissued patent, since the filing of the first complaint.

A motion is now made by the solicitor of the defendants, for an order of the court requiring the complainant, within tweny days after service upon him of a copy of such order, to notify the defendants' solicitor, which of said suits he elects to prosecute, and authorizing the defendants to enter a rule discontinuing the other suit, on the payment of costs to the defendants, to be taxed —asking the court, in the meantime, for an order staying all proceedings in both suits until such election has been made, notification given, and costs paid in the discontinued suit. There is no doubt that authoriy exists in the court to make such an order, when the rules of equity and the circumstances of the case demand it, and I should not hesitate to exercise such authority where the second suit seemed vexatious and oppressive, and gave to the complainant no relief which could not be obtained in the first suit. This is not inconsistent with the principle laid down in Wheeler v. McCormick [Case No. 17,498], on which the counsel for complainant relies; for there the proceedings were in different districts, although pending between the same parties, and for infringing the same patents, and Judge Woodruff overruled the plea in abatement because they were in different jurisdictions, and because it did not appear that the complainant could have as complete and effectual remedy in the first as in the second suit. But facts have already appeared in the progress of the first case, which render it probable that, if the complainant is entitled to relief at all, he will not be able to receive that full measure which he deems indispensable for his complete protection, without instituting new proceedings, and this does not necessarily involve the abandonment of the original suit.

The patent, the infringement of which is alleged, is for a combination. Cannot a case be imagined where the patentee of a combination—learning that unauthorized parties are engaged in manufacturing some of the parts or elements of the combination, and are entering into contracts for the subsequent delivery of the completed article—is entitled to file his bill, in the nature of a bill quia timet, for an injunction to restrain such parties against apprehended violation of his patent rights? And afterward, when he ascertains that the infringement has become complete by the use of all the constituents of the combination, may he not commence a new suit for an account and damages in consequence of the said infringement?

Without intending now to determine these

questions, I think the substantial interest of both parties can be best promoted by refusing this motion, and at the same time requiring the solicitor of the complainant to enter into a stipulation, if the solicitor of the defendants shall ask it, that the testimony taken in the one case, so far as it is relevant, be used in the other, and that both cases be set down for hearing at the same time, thus avoiding, so far as practicable, vexation and multiplication of costs, and it is ordered accordingly.

The question of costs, in both suits, is reserved until the final hearing.

[At a final hearing of the cause, a decree was entered in favor of the complainant for an injunction and account. Case No. 14,269.]